**In re GENERAL MOTORS CORPORATION ENGINE INTERCHANGE LITIGATION.**

*Harold Hensley v. General Motors Corp.*, W.D. Virginia, C.A. No. 77–0030

*Howard Tutwiler v. General Motors Corp.*, N.D. Alabama, C.A. No. 77–P–1143S

**No. 308.**

Judicial Panel on Multidistrict Litigation.

Dec. 19, 1977.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III *, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

### PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously transferred several actions in this litigation to the Northern District of Illinois and, with the consent of that court, assigned them to the Honorable Frank J. McGarr for coordinated or consolidated pretrial proceedings with related actions pending in that district. *In re General Motors Corporation Engine Interchange Litigation,* MDL–308 (J.P.M.L., July 11, 1977) (unpublished order).

General Motors Corporation is a defendant in all actions in the transferee district, and local Oldsmobile dealers are also defendants in two of the actions there. Judge McGarr has certified a plaintiff class in those actions consisting of all persons in the United States (other than General Motors, its subsidiaries and affiliates) who purchased 1977 Oldsmobiles and who received Oldsmobiles which, without their knowledge or consent, contained V–8 engines manufactured by the Chevrolet Motor Division of General Motors. In addition, plaintiffs in the *Blackman* action in the transferee district seek to represent a statewide class of persons who purchased 1977 Buicks and who received Buicks which, without their knowledge or consent, contained engines manufactured by divisions of General Motors other than Buick. The complaints in the transferee district generally are proceeding on the allegation that General Motors and the other defendants breached warranties by marketing certain automobiles from a General Motors' division without disclosing that each of those automobiles contained an engine manufactured by a different division of General Motors. Plaintiffs in the *Levine* action in the transferee district also allege that defendants' conduct constituted violations of the Sherman and Clayton Antitrust Acts.

The first above-captioned action (*Hensley*) has been brought against General Motors by an individual who alleges that he purchased a 1977 Buick and later discovered that it contained an Oldsmobile engine. Plaintiff in *Hensley* charges General Motors with fraud, deceptive business practices, and breach of contract.

The second above-captioned action (*Tutwiler*) has been brought against General Motors on behalf of a purported nationwide class consisting of all persons who purchased 1976 and/or 1977 Cadillac Sevilles containing Oldsmobile engines. Plaintiff charges General Motors with fraud, misrepresentation, breach of warranty, and violations of the federal antitrust laws.

Since *Hensley* and *Tutwiler* appeared to share questions of fact with the previously transferred actions, the Panel entered orders conditionally transferring these actions to the Northern District of Illinois for inclusion in the coordinated or consolidated pretrial proceedings.[1] Plaintiff in *Tutwiler* opposes transfer of that action. General Motors opposes transfer of both actions.

We find that *Hensley* and *Tutwiler* share questions of fact with the previously transferred actions and that transfer of these two actions to the Northern District of Illinois under Section 1407 will best serve the convenience of the parties and witnesses

---

* Judge LORD took no part in the decision of this matter.

1. *See* Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259–60 (1975).

and promote the just and efficient conduct of the litigation.

The parties opposing transfer contend that even if *Hensley, Tutwiler* and the actions in the transferee district share some factual questions of a general nature, the vast majority of factual issues will not be common. These parties assert that the actions in the transferee district primarily involve the substitution of Chevrolet engines in Oldsmobiles, and that discovery in those actions will center around the Oldsmobile division of General Motors. In contrast, these parties urge, discovery in *Hensley* will center around the Buick division of General Motors and discovery in *Tutwiler* will center around the Cadillac division of General Motors. These parties maintain that discovery in each type of action will be largely distinct because each division has its own design, engineering, marketing and advertising staffs.

We find these arguments unpersuasive. Since one action in the transferee district already includes claims on behalf of purchasers of 1977 Buicks that contained engines manufactured by divisions of General Motors other than Buick, *Hensley* clearly involves common questions of fact with at least that action. Moreover, on the basis of the record before us, we are persuaded that both *Hensley* and *Tutwiler* share questions of fact with each other and with the previously transferred actions concerning overall corporate policies of General Motors and interrelationships among General Motors' divisions. In these circumstances, a single judge with an overall perspective of *Hensley, Tutwiler* and the previously transferred actions will be in the best position to prevent duplicative discovery, eliminate any possibility of conflicting pretrial rulings and conserve time and effort for the parties, the witnesses and the judiciary. Of course, the transferee judge has the broad discretion to design a pretrial program that will allow discovery on any unique issues in particular actions to proceed concurrently with discovery on common issues. *See In re Republic National-Realty Equities Securities Litigation,* 382 F.Supp. 1403, 1405–06 (Jud.Pan. Mult.Lit.1974).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions entitled *Harold Hensley v. General Motors Corporation,* W.D. Virginia, C.A. No. 77–0030, and *Howard Tutwiler v. General Motors Corporation,* N.D.Alabama, C.A. No. 77–P–1143S, be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Frank J. McGarr for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.